CuRia, per
Colcock, J.
On the first ground of demurrer in this case it is only necessary to remark, that *231 by the deed of trust, Judith Swan takes only a life estate, and it is alleged she has sold; she therefore can have no possible interest in the case. The rule, as laid down in Cooper’s Equity Pleading, 33, is, that all, who are either legally or beneficially interested in the subject matter and result of the suit, must be made parties. Now she can have no legal right having sold ; and having been only so far interested-as her life estate extended, she can have no beneficial interest.
None but those legally or beneficially interested in the subject matter and result of the suit need be Parties-
A trustee ma(ie a party, executed his trust pei.ty delivér-ed to receive
When one nal property with a knowledge of the remainders vested in a particular individual, he a^t^for such individual ; and may, under circumstances, be compelled to give security for " the forthcoming of the property, or to prevent its being squandered.
The second ground is equally untenable. Ligan was appointed trustee by the deed, to hold first for Judith and assigns until the marriage, and then for the joint benefit of husband and wife during their lives; and if she survived her said husband Thomas, then that he would assign over and transfer to her, the said Judith Swan, the property to be appropriated as said, after the death of the husband. It is therefore to be presumed, that the property was delivered to her, the trust executed by William Ligan.
In support of the third ground little could be said which did not go to defeat the right of the defendants; for the complainant could not have a remedy at law unless the life estate has been forfeited, a point we cannot now determine. But the bill has a double tj-» 1 . . it, _ . aspect. It the complainant should not succeed in establishing a claim to the immediate possession of the property, he might have a claim to the assistance of this . Court to secure the enjoyment of his ulterior rights. For it is clear, that one who purchases a life estate, with full knowledge of the existence of a deed by which the remainder is vested in a particular individual, becomes thereby a trustee for such remainder man, and might, under circumstances, be required to give security for the forthcoming of the property. In the case of Latimer et al. v. Elgin et al. 4 Desaus. Rep. 26, the Chancellor says, “the interposition of the Court to protect the rights of persons entitled to personal estate, on the *232 death of an intermediate person who has the enjoyment for life, from being squandered away, is a clear established branch of its jurisdiction. And the system of equity he very imperfect without it. For there is no remedy at law in such cases. It is analogous to the doc-trjne 0f waste in relation to real estate; but it also rests on the general foundation of equity .” And he refers to 2 Fearne, 34; and 2 Freeman’s Rep. 206, is also cited. It is there clearly laid down, that upon a devise of goods to A. for life, with remainder to B. that it Was a good devise to B.; and he might exhibit his bill against A. to compel him to give security that the goods should be forthcoming at his decease ; and that it was the same whether the goods, or the use of the goods, were devised for life. In the case of Hyde v. Parrot, 1 P. Wms, 1, Lord Somers decided the same point ; and in the case of Foley v. Burnell, Fearne, 410, (7th Lond. Edit.) 1 Bro. C. C. 274, the Court admitted, that the ultimate devisee of a chattel might come to the' Court to protect the property from destruction by a tenant for life. And Mr •Fearne, who was a great lawyer, lays it down expressly, that the Court is well warranted to give protection in such easel. Fearne on Executory Devisees, p. 413, (7th Lond. Edit.)
The first trustee for the henefitof .those having subsequent interests.
voluntary stands as one with notice.
The Court considers the first taker as a trustee for the benefit of those having subsequent. interests. Fearne, 444 ef seq. (7th Lond. Edit.) So also in the case of Wamburzee v. Kennedy et al. 4 Desaus. Rep. 474, it was he]d by the Chancellor, “ that in the case of a purchaser for valuable consideration with notice of the trusts, or a voluntary conveyance without notice, the purchaser or vojuntary grantee would hold the property liable to the trust;” and he refers to the case of Mansell v. Mansell, 2 P. Wms, 678. And it is also stated in the complainant’s bill, that the property has been withdrawn from that jurisdiction under which it was placed by the parties to the trust deed: that it has been removed from Virginia— *233 Now if in the trial of the merits of the case it should appear, that the complainant has done nothing to affect his rights, he may be entitled to the aid which is afforded in such cases. The demurrer is therefore overruled, and the defendants ordered to answer to the bill of complainant. Motion refused.

Decree affirmed.